## Boreing's Admr. v. McHargue, et al.

(Decided February 20, 1913.)

### Appeal from Laurel Circuit Court.

1. Partnership—Settlement and Accounting—Mutual Accounts—Interest—Mode of Computation.—In a settlement of a partnership, in the conduct of which, one partner had, from time to time, advanced and received money, with no time fixed for the payment of such indebtedness, interest should be computed on each debit and credit item, from date of its payment or receipt to date of final settlement, and added to it; and the difference between the total of each column is the correct balance, or the true status of such mutual accounts.

2. Courts—Jurisdiction.—Where a fund in litigation is in custody of the court's commissioner, who, by mistake in executing the court's

order, overpays one of the litigating parties, the court has author-
ity to compel such party to refund the amount of such overpayment.

H. C. CLAY, for appellant.

H. C. FAULKNER, H. C. FAULKNER, JR., and W. E. FAULK-
NER, for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Many years ago Vincent Boreing, Robert Boyd, Sr.,
and C. W. Jones purchased, in partnership, several tracts
of land in Whitley County, Ky.   Under the terms of
their agreement, Boyd and Boreing were to furnish the
money to pay for the lands, the costs incident to the
survey of same, and any other expense incurred in the
acquisition of title; Jones was to do the actual work of
purchasing, examining titles, looking after surveys, etc.,
and when the lands were sold, the money so advanced
by Boyd and Boreing, was to be returned to them with
interest from date of payment, and any profit realized
out of the transaction was to be divided equally among
the three.   The partnership extended over quite a num-
ber of years.   Lands were bought and sold and timber
contracts were made, which rendered their transactions,
to some extent, complicated.   Boyd, Boreing and Jones
all died, leaving their partnership matters in an unsettled
condition.   Suit was brought to settle the estate of Vin-
cent Boreing, and in this same suit a settlement of the
partnership was asked and ordered.   In due course of
time, the partnership lands were directed to be sold by
the commissioner for the purpose of settling the partner-
ship and distributing the proceeds.   In 1908, an agreed
judgment was entered directing this property to be sold.
Jones, in his lifetime, sold his interest in certain tracts
of this partnership land to R. Boyd, Jr.   These are known
as G., H. & I., and the personal representative and heirs
of Jones have no interest in them.   This litigation con-
cerns only the proceeds of sale of these three tracts.

On March 4, 1909, the court rendered a judgment in
which it held that Boyd, Boreing and Jones purchased
the lands, described in the pleadings as G., H., I., K., L.,
and M.; that the purchase price, and all expenses, incident
to the purchase thereof, were paid by Boyd and Boreing.
The dates of said payments, together with the amounts
thereof, are fully set out in said judgment.   The court
then adjudged that the representatives of Boyd and
Boreing were entitled to receive from the proceeds of sale

of the above designated lands the money so expended by them. The court then found the money which Boyd and Boreing had received for timber sold from said land, together with the dates upon which these payments had been received; and directed the money, to which Boyd and Boreing were entitled, to be credited by the money which they had received from timber sales. In said judgment it is provided that the personal representatives of said Boyd and Boreing are entitled to receive from the proceeds of sale of said lands, said sums with interest thereon from date of payment. The judgment then provides that the balance realized by the sale of said land should be divided equally among the estates of Boyd, Boreing and Jones, and that the interest of Jones in the tracts, G., H. & I. should be paid to Robert Boyd, Jr., under his purchase. The property was sold on October 5, 1908, and the tracts G., H. & I. brought $10,500.

When the sale bonds became due and were paid, and the commissioner was ready to distribute the proceeds thereof, R. Boyd, Jr., objected to the distribution, on the ground that the commissioner had erred in his method of calculating the interest on the sums paid and received by Boyd and Boreing, it being a question whether the interest on these respective sums should be calculated from the date of their payment to the date of sale, or whether upon the partial payment plan. It is conceded that the difference in the method of calculation would materially affect the interest of R. Boyd, Jr., under his purchase from Jones, and the parties being unable to agree among themselves, the commissioner in the old suit filed a petition in the settlement suit, in which he sought the guidance and direction of the chancellor as to how the interest should be calculated. In the meantime, the parties wanted their money, and the commissioner was willing to distribute all of it save $600.00. This, he proposed keeping until it should be definitely determined how the interest should be calculated. Finally he and the parties agreed that he should pay out the money according to the terms of the judgment, as he construed it; and that, if the court should hold that he had not adopted the proper method and that R. Boyd, Jr., was right in his contention, then the parties were to refund to him to the extent that he had over-paid them. On March 23, 1911, in response to the commissioner's application for guidance and direction in the

matter of calculating the interest, the court entered a supplemental judgment directing the commissioner to calculate the interest on the sums invested by Boyd and Boreing in the tracts of land G., H. and I. from the date said sums were paid until the day of sale, and to calculate the interest on the payments that they had received from timber sold from said tracts, in the same way; and the court found that, by pursuing this method, the sums, so paid out by Boyd and Boreing, with interest to day of sale, amounted to $7,584.64; and that the sums which they had received from sales of timber, with interest thereon to the day of sale of the land, amounted to $5,449.91; that the sale bonds, with interest, amounted to $11,321.42; that the money paid out by Boyd and Boreing, with interest thereon, exceeded by $2,135.73, the amount received by them; and that their estates were therefore entitled to receive, out of the proceeds of the sale of these lands, this $2,135.73 before any division was made; and that, after this was deducted, the balance of the proceeds realized from the sale of the tracts G., H. and I. was to be divided equally among the Boyd and Boreing estates, and R. Boyd, Jr. At the succeeding term of court, Boreing's administrator filed a motion to vacate and set aside this judgment directing the commissioner how the interest should be calculated, and this motion having been overruled, he appeals and calls in question here the validity of the judgment of March 23, 1911, and the correctness of the court's ruling in declining to vacate and set aside this judgment.

The effect of the court's ruling was to require Boreing's administrator to pay to the commissioner $231.00. It is conceded that, if the court had authority to enter the judgment of March 23, 1911, the commissioner overpaid Boreing's administrator in the sum of $231.00. The question is also raised as to the right and power of the court, in a summary way, to require Boreing's administrator to pay to the commissioner this $231.00, it being contended by his counsel that, if the commissioner is entitled to recover this money at all, he would have to proceed by suit. These are the only questions raised upon this appeal.

The original judgment, entered by agreement, directed the commissioner to calculate the interest on all payments made on these lands by Boreing and Boyd, and from this principal and interest, thus ascertained,

to deduct all sums received by them with interest, and then, from the proceeds of the sale of this land, to deduct the balance found to be due Boreing and Boyd. It will be observed that, in this judgment, the method as to how the interest should be computed is not set out. The commissioner undertook to adopt the partial payment plan, as authorized by the statute, but R. Boyd, Jr., objected to this method of calculation, upon the ground that it had the effect of giving to the estates of Boreing and R. Boyd, Sr., compound interest, when, in fact, they were only entitled to simple interest; and the commissioner, not being advised as to which method he should pursue, sought the direction of the court. The court, in directing him to pursue the method laid down by this court in Farmers & Shippers Tobacco Warehouse Co. v. Head & Switzer, 29 Rep., 328, and Boreing v. Wilson, 108 S. W., 914, in no wise departed from, overruled, modified, or set aside, the original judgment, but simply advised the commissioner how he could conform to the requirements of said judgment in the matter of the calculation of this interest. In acting under the direction of the court, as set out at length in the supplemental judgment, the commissioner but complied with the requirements of the original judgment; for, when he was directed by said judgment to collect certain sums, with interest, and credit the amounts so found to be due with certain other sums, with interest, and no specific direction being given as to how the interest should be calculated, it necessarily follows that the lawful method should be pursued. It was held, in the cases above cited, that, where moneys had been advanced by one party in the conduct of a business, without any agreement as to the particular time when the moneys were to be repaid, and credits were received on account of said indebtedness from time to time, it would not be just or equitable for the creditor to calculate the interest upon the partial payment plan, for the reason that the effect of such method of calculation would be to give to the creditor, not simple interest on his debt but interest thereon compounded many times over. Hence, the court held that, where one party had advanced money from time to time, in the conduct of a joint enterprise, and had likewise received frequent payments upon his indebtedness from time to time, the only equitable method of determining and adjusting the account is to allow interest on each

item in the debit and credit column, from the time it was received or paid until the date of final settlement, and the difference between the two sums, so ascertained, would represent the true status of the account. This method of calculation of interest is applicable only in that state of case where no time is fixed for the payment of the debt and the transaction has taken the nature of a running account between the parties, and the credits do not equal the interest charges. In cases of this character, the only plan by which absolute justice is done to each party is that adopted by this court in the cases *supra*, and, under which, the trial judge in this case directed the commissioner to proceed. There is no merit in appellant's contention that the court erred in directing the commissioner, in fixing the rights of the parties, to follow this rule in the calculation of the interest charges.

It is next insisted that, inasmuch as the commissioner had already paid out the money, the court was without power to require appellant to refund, or pay back, the amount paid, in excess of what was due under a correct calculation. The act of the commissioner was the act of the court. He was acting for the court. The fund was in court, and if, by mistake in carrying out the court's order, he paid to one of the parties to the litigation a sum in excess of that which he was entitled to receive, the court is clothed with ample authority to direct such party to refund. Such is the common practice; and certainly appellant is in no position to complain, because, without this agreement to refund, he could not have obtained this money at all.

Perceiving no error in the record, the judgment is affirmed.